UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL C. JAMERSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) No. 4:14CV241 CDP |
| | ) |
| IAN WALLACE, | ) |
| | ) |
| Respondent, | ) |

## MEMORANDUM AND ORDER

This matter is before me on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition has not been drafted in a manner that complies with the Federal Rules, and I will require petitioner to file an amended petition. Additionally, I will grant his motion for leave to proceed in forma pauperis, but I will deny his motions to stay proceedings and for appointment of counsel.

The Federal and Local Rules require habeas petitioners to utilize the standard form when drafting habeas petitions. Petitioner has deviated from the standard form. And petitioner interspersed several exhibits into the petition. Petitioner must use the form or substantially copy the form when drafting his claims. And petitioner must file his exhibits separately. Finally, petitioner must sign the petition under penalty of perjury.

Petitioner moves the Court to stay the instant petition because he has filed a Rule 91 habeas petition in the Circuit Court for Mississippi County, Missouri. Jamerson v. Missouri, No. 14MI-CV00085 (33d Cir.). The Court takes notice of the state court's files, and the court notes that the petition was denied on February 20, 2014. As a result,

the motion to stay is denied. Furthermore, it is unlikely that the Rule 91 petition would have had any effect on the instant case.

There is no constitutional or statutory right to appointed counsel in a civil case. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors including (1) whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005. After considering these factors, I believe that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall mail to petitioner a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form.

**IT IS FURTHER ORDERED** that petitioner shall use the provided form and file an amended petition within thirty (30) days from the date of this Order.

**IT IS FURTHER ORDERED** that petitioner's motion to stay [ECF No. 3] is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motions for appointment of counsel [ECF Nos. 4, 7] are **DENIED** without prejudice.

Dated this 7th day of March, 2014.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE