UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MICHAEL C. JAMERSON, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | No. 4:14CV241 CDP |
| IAN WALLACE, | ) |  |
| Respondent. | ) |  |

# MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, I will deny the petition.

## Procedural History

Petitioner Michael C. Jamerson is currently incarcerated at the Missouri Eastern Correctional Center in Pacific, Missouri, pursuant to a judgment and sentence of the Circuit Court of St. Louis County, Missouri. On December 9, 2009, following a jury trial, Jamerson was found guilty of burglary first degree, assault first degree, and armed criminal action. The Circuit Court sentenced him to concurrent terms of fifteen, seventeen, and seventeen years' imprisonment, respectively.

Jamerson appealed his conviction to the Missouri Court of Appeals, arguing

that: 1) the trial court denied him due process by excluding evidence that the victim made a statement to the investigating officer that was inconsistent with her testimony at trial; and 2) that he was denied due process when the State engaged in prosecutorial misconduct during its closing argument. The Missouri Court of Appeals affirmed Jamerson's conviction and sentence. *State v. Jamerson*, 334 S.W.3d 921 (Mo. Ct. App. 2011) (order) (per curiam).

Jamerson thereafter filed *pro se* motions for post-conviction relief under Missouri Rule 29.15, in which he raised various claims of trial court error as well as claims of ineffective assistance of trial counsel. Counsel was appointed to represent Jamerson, and an amended motion for post-conviction relief was filed on May 10, 2012, in which only claims of ineffective assistance of trial counsel were raised. (Resp. Exh. 3.) The motion court denied Jamerson's post-conviction motion on October 1, 2012, without an evidentiary hearing. (*Id.* at 205-09.) The Missouri Court of Appeals affirmed the motion court's denial of post-conviction relief. *Jamerson v. State*, 410 S.W.3d 299 (Mo. Ct. App. 2013).

Jamerson then filed this action for a writ of habeas corpus.

## Factual Background

On post-conviction appeal, the Missouri Court of Appeals summarized the evidence adduced at trial as follows:

> At 5 a.m. on September 15, 2007, Movant broke into the home of his former girlfriend Catherine Haug (Cathy), entered her bedroom where

she and her then-boyfriend David Colombo (Dave) were sleeping, and
shot Dave in the face and back. After a struggle, Movant fled and was
apprehended by police in a nearby driveway. At trial, Cathy admitted
that she had spoken with Movant the previous afternoon, but she
denied having invited Movant to her house, and photographs in
evidence showed that the doorjamb of her kitchen door was damaged
in a manner consistent with forced entry. A jury convicted Movant of
first-degree burglary, first-degree assault, and armed criminal action.

*Jamerson*, 410 S.W.3d at 300 (footnote omitted).[1] Because Jamerson does not rebut these factual findings with clear and convincing evidence, I presume them to be correct. 28 U.S.C. § 2254(e)(1).

## Grounds Raised

On February 10, 2014, Jamerson filed an unsigned, ninety-five-page petition for writ of habeas corpus under 28 U.S.C. § 2254 that raised several claims for relief which were interspersed among several pages of exhibits and other documents. Because the form of this petition failed to comply with the federal rules, I ordered Jamerson to file an amended petition and instructed him to comply with the rules by utilizing the standard form for habeas petitions, to file his exhibits separately, and to sign the petition under penalty of perjury. Jamerson filed his amended petition on March 14, 2014, in compliance with my Order.

In his amended petition, Jamerson raises four grounds for relief:

1) That he was denied due process because of prosecutorial misconduct;

---

[1] Because the Missouri Court of Appeals referred to the victims as "Cathy" and "Dave," I will likewise do so in this Memorandum and Order.

2) That the State engaged in prosecutorial misconduct by knowingly permitting State witness Colombo to perjure himself at trial;

3) That the State withheld exculpatory evidence; and

4) That the State engaged in prosecutorial misconduct by knowingly permitting State witness Haug to perjure herself at trial.

In response, respondent contends that Jamerson procedurally defaulted these claims by failing to properly raise them in State court, thus precluding me from considering the claims in this federal habeas proceeding.

**Exhaustion Analysis**

A petitioner must exhaust his state law remedies before the federal court can grant relief on the merits of his claims in a habeas petition. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The federal habeas court must first examine whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the State court. *Smittie v. Lockhart*, 843 F.2d 295, 296 (8th Cir. 1988); *see also Boerckel*, 526 U.S. at 848. If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the State court. *Smittie*, 843 F.2d at 296. When the petitioner's claims are deemed exhausted because he has no available State court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his State court default and actual prejudice resulting from

the alleged unconstitutional error, or that a fundamental miscarriage of justice would occur if the Court were not to address the claims. *Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012); *Coleman v. Thompson*, 501 U.S. 722 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Keithley v. Hopkins*, 43 F.3d 1216, 1217 (8th Cir. 1995); *Stokes v. Armontrout*, 893 F.2d 152, 155 (8th Cir. 1989). Before reviewing any claims raised in a habeas petition, the Court may require that every ground advanced by the petitioner survive this exhaustion analysis. *Rhines v. Weber*, 544 U.S. 269 (2005).

A review of the record shows Jamerson's claims for relief to be exhausted because he failed to properly raised the claims in State court and has no available non-futile State remedies by which he could now pursue them.

## Discussion

As an initial matter, I note that Jamerson complains in his traverse that respondent addressed only four of his claims in response to my show cause order, and failed to address any of the additional claims raised in his original filing with the Court. As noted above, however, the original document filed in this action was insufficient as a habeas corpus petition, thus prompting me to order Jamerson to file an amended petition that complied with the rules. Jamerson's amended petition raised only four claims for relief, which, notably, were raised in his original document. The amended petition was not a supplement to the original

document nor did it add claims that were not raised. Jamerson's amended petition, which complied with the rules and with my Order, was an independent petition that replaced his earlier filing. Only the four claims raised therein are before me for consideration.

*Ground 1: Due Process / Prosecutorial Misconduct*

In his first ground for relief, Jamerson claims in a cursory manner that his due process rights were violated. Although Jamerson provides no facts to support this contention, he indicates in Ground 1 that he is claiming prosecutorial misconduct.

On direct appeal, Jamerson raised one claim of prosecutorial misconduct, arguing that his due process rights were violated when the State was permitted to repeatedly argue during closing argument that there was no evidence that Cathy Haug had invited Jamerson to her residence, when the prosecutor was aware that there was indeed such evidence that had been excluded at trial. (Resp. Exh. G at pp. 20-25.) Noting that this claim was not preserved for appellate review, the Missouri Court of Appeals reviewed the claim for plain error. Finding none, the court denied relief on the claim. (Resp. Exh. I, Memo. at p. 4.)

As a federal habeas court, I "cannot reach an otherwise unpreserved and procedurally defaulted claim merely because a reviewing State court analyzed that claim for plain error." *Clark v. Bertsch*, 780 F.3d 873, 874 (8th Cir. 2015)

(applying the rule set out in *Hayes v. Lockhart*, 766 F.2d 1247 (8th Cir. 1985)).[2] Instead, I may review the merits of the claim only if Jamerson shows cause for the default and actual prejudice resulting from the alleged constitutional violation, or that a fundamental miscarriage of justice would occur if I were not to address the claim. *Coleman,* 501 U.S. at 750.

To the extent Jamerson's petition and traverse may be liberally construed to claim that trial counsel's failure to preserve this issue for appeal caused his procedural default, I note that Jamerson must have first presented this Sixth Amendment claim of ineffective assistance of counsel to the State court as an independent claim in order for me to review the claim as cause for default. *Edwards v. Carpenter,* 529 U.S. 446, 450-53 (2000); *Taylor v. Bowersox,* 329 F.3d 963, 971 (8th Cir. 2003) (citing *Murray v. Carrier,* 477 U.S. 478, 489 1986)); *Charron v. Gammon,* 69 F.3d 851, 858 (8th Cir.1995). Although Jamerson raised several claims of ineffective assistance of trial counsel in his motion for post-conviction relief, he did not claim that counsel was ineffective for failing to preserve the instant claim of prosecutorial misconduct for appellate review. (*See* Resp. Exh. 3.)

An ineffective assistance of counsel claim asserted as cause for the

---

[2] *See also Pollard v. Delo*, 28 F.3d 887, 889 (8th Cir. 1994) (State court's consideration of merits of claim "as a matter of grace" does not erase fact of procedural default from petitioner's failure to comply with State's procedural rule); *Hayes*, 766 F.2d at 1252 (State court's consideration of substance of petitioner's claim was merely in conjunction with plain error review and did not lift bar).

procedural default of another claim can itself be procedurally defaulted. *Edwards,* 529 U.S. at 453. This additional layer of procedural default may be excused if Jamerson can satisfy the cause-and-prejudice standard with respect to that claim. *Id.* To the extent Jamerson's petition and traverse may be construed to argue that ineffective assistance of post-conviction counsel caused the procedural default of his claim of ineffective assistance of trial counsel (which itself is being asserted as cause for default of the instant due process claim), the argument fails.

In *Martinez,* the Supreme Court held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 132 S. Ct. at 1320. As such, under *Martinez*, a petitioner may claim ineffective assistance of post-conviction counsel to establish "cause" for procedural default of a claim of ineffective assistance of trial counsel. To establish such cause, the petitioner must show that post-conviction counsel's assistance was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984), and further demonstrate that his underlying claim of ineffective assistance of trial counsel is a "substantial" one, that is, that the claim has some merit. *Martinez*, 132 S. Ct. at 1318-19. If the underlying claim of ineffective assistance of trial counsel is unsubstantial or non-meritorious, petitioner cannot establish that post-conviction counsel was ineffective and thus cannot show cause

for default of the underlying claim. *Id.* at 1319. Likewise, if post-conviction counsel did not perform below constitutional standards, no cause is shown for default. *Id.*

Here, Jamerson's underlying claim of ineffective assistance of trial counsel is not substantial. If trial counsel had preserved the claim of prosecutorial misconduct for appellate review, the record shows that the claim was not likely to succeed. On direct appeal, the Missouri Court of Appeals reviewed Jamerson's claim of prosecutorial misconduct, albeit for plain error, and, upon examining the statements at issue and the circumstances at trial that gave rise to them, it determined that "the prosecutor's comments were proper[.]" (Resp. Exh. I, Memo. at p. 4.) Given that the court of appeals found the comments to be proper, there is no reasonable probability that if counsel had preserved the claim for appellate review, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694 (to establish prejudice by counsel's conduct, petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). Accordingly, it cannot be said that Jamerson's underlying claim of ineffective assistance of trial counsel was so substantial that post-conviction counsel was ineffective for failing to raise the claim during post-conviction proceedings.

In addition, it cannot be said that post-conviction counsel's performance fell

below constitutional standards. In his *pro se* motions for post-conviction relief, Jamerson raised twelve separate claims of ineffective assistance of trial counsel, none of which included a claim that counsel was ineffective for failing to preserve this claimed error of prosecutorial misconduct. Upon being appointed, post-conviction counsel filed an amended motion in which he raised five claims of ineffective assistance of trial counsel. Jamerson argues that he insisted to counsel that he not abandon any of his *pro se* claims and that counsel was ineffective for failing to include all of his *pro se* claims in the amended motion. But even if counsel had, the instant claim of trial counsel's ineffectiveness would not have been among them since Jamerson never raised it initially. Regardless, appointed counsel does not have a duty to raise every colorable claim suggested by his client. *Jones v. Barnes*, 463 U.S. 745, 753 (1983). For judges to impose such a duty on appointed counsel "would disserve the very goal of vigorous and effective advocacy," that is, that counsel represent his client to the best of his ability. *Id.*

Therefore, Jamerson's defaulted claim of ineffective assistance of trial counsel cannot constitute cause to excuse his procedural default of his due process claim of prosecutorial misconduct. *See Martinez*, 132 S. Ct. at 1319; *Edwards*, 529 U.S. at 453. With no showing of cause, I need not determine whether prejudice has been shown. *Cagle v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007). In addition, because Jamerson has not presented new evidence of actual innocence,

he has failed to show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006); *Weeks v. Bowersox*, 119 F.3d 1342, 1352-53 (8th Cir. 1997). Therefore, my refusal to entertain Jamerson's procedurally defaulted claim will not result in a fundamental miscarriage of justice.

Accordingly, for all of the foregoing reasons, the claim raised in Ground 1 of the instant petition is procedurally barred from federal habeas review and will be denied.

*Grounds 2-4: Perjured Testimony and Exculpatory Evidence*

In Grounds 2 and 4 of his petition, Jamerson claims that the State engaged in prosecutorial misconduct by knowingly permitting Dave Colombo and Cathy Haug to give perjured testimony during trial. In Ground 3, Jamerson claims that the State withheld exculpatory evidence. In his traverse, Jamerson expands on Ground 3 by averring that the State withheld evidence that Cathy made a statement to the investigator that she had invited Jamerson to her house. Jamerson did not raise these claims on direct appeal.

Missouri procedure requires that a claim for relief be presented at each step of the judicial process. *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994). Under Missouri law, claims of prosecutorial misconduct must be raised on direct appeal if the alleged misconduct is apparent at trial. *Tisius v. State*, 183 S.W.3d 207, 212

- 11 -

(Mo. banc 2006).

Here, the issues raised in Jamerson's instant claims of prosecutorial misconduct were apparent to Jamerson at trial and therefore were required to be raised on direct appeal. As articulated in Jamerson's traverse, his arguments relating to Cathy Haug's alleged perjured testimony and the State's alleged withholding of exculpatory evidence involve his claim that Cathy provided a statement to the investigating officer that she had invited Jamerson to her home but testified at trial that she did not extend any such invitation. Although Jamerson claims in his traverse that he did not become aware of this evidence until he reviewed a deposition transcript from a civil trial that occurred subsequent to his conviction, I note that he claimed on direct appeal from his conviction that the trial court erred by excluding evidence of this statement at trial. (*See* Resp. Exhs. G, I.) Jamerson was therefore aware of this alleged misconduct at the time of trial.

The same is true on Jamerson's claim that the State permitted Dave Colombo to give perjured testimony. In his traverse, Jamerson contends that Dave testified at trial that he did not wipe blood from the gun before it was photographed by the investigating officers, but that the prosecutor stated during closing argument that it was indeed Dave who wiped it down.[3] Therefore, Jamerson's claim that the

---

[3] From my review of the trial transcript, including that portion of the closing argument to which Jamerson refers, it appears that the prosecutor was paraphrasing the allusion made by defense counsel that it was Dave who wiped the blood off of the gun so the police would not know that he had handled it.

prosecutor's statement showed him to be aware of Dave's earlier false testimony was apparent at trial and could have been raised on direct appeal.

Because Jamerson was aware of these claims of prosecutorial misconduct at trial but failed to raise them on direct appeal, the claims are procedurally defaulted and cannot be reviewed by this Court unless Jamerson shows cause for his default and prejudice resulting from the underlying constitutional violations, or that a fundamental miscarriage of justice would occur if I were not to address the merits of the claims. *Coleman,* 501 U.S. at 750.

Jamerson appears to argue that direct appeal counsel's failure to raise the instant claims on appeal constitutes cause sufficient to excuse his procedural default.[4] While ineffective assistance of direct appeal counsel may constitute cause for procedural default, *Reese v. Delo,* 94 F.3d 1177, 1182 (8th Cir. 1996) (citing *Murray,* 477 U.S. at 492 ), Jamerson must have first presented this Sixth Amendment argument to the State court as an independent claim in order for this federal habeas court to review the claim as cause for default. *Edwards,* 529 U.S. at 450-53; *Taylor,* 329 F.3d at 971 (citing *Murray,* 477 U.S. at 489); *Charron,* 69 F.3d at 858. Jamerson did not do so here. (*See* Resp. Exh. 3.) To the extent Jamerson argues that the procedural default of his ineffectiveness claim is itself

---

[4] Jamerson actually contends that post-conviction counsel was ineffective for failing to raise appropriate claims. I will construe this layered argument as Jamerson's attempt to assert ineffective assistance of direct appeal counsel as cause for his default of these claims of prosecutorial misconduct.

excused by ineffective assistance of post-conviction counsel for failing to raise this claim of ineffective assistance of appellate counsel, inadequate assistance of counsel at initial-review collateral proceedings cannot establish cause for procedural default of a claim of ineffective assistance of counsel on appeal. *Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014) ("We therefore decline to extend *Martinez* to claims alleging ineffective assistance of counsel on direct appeal."). Given Jamerson's failure to present his claim of ineffective assistance of direct appeal counsel to the State court, I am precluded from addressing this alleged counsel error as cause to excuse Jamerson's procedural default of the claims now raised in Grounds 2 through 4. *Williams v. Kemna,* 311 F.3d 895, 897 (8th Cir. 2002). Jamerson asserts no other cause to excuse his default.

Jamerson has thus failed to establish cause to excuse his procedural default, thus obviating the need for me to determine whether prejudice has been shown. *Cagle,* 474 F.3d at 1099. In addition, because Jamerson has failed to present new evidence of actual innocence, he has failed to show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Abdi,* 450 F.3d at 338; *Weeks,* 119 F.3d at 1352-53. Therefore, my refusal to entertain Jamerson's procedurally defaulted claims will not result in a fundamental miscarriage of justice.

The claims raised in Grounds 2 through 4 of the instant petition are

procedurally barred from federal habeas review and will be denied.

## Certificate of Appealability

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a § 2254 proceeding unless a circuit justice or judge issues a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right. 28 U.S.C. § 2253(c)(2); *see Tiedeman v. Benson,* 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris,* 133 F.3d 565, 569 (8th Cir. 1997). I find that reasonable jurists could not differ on any of Jamerson's claims, so I will deny a Certificate of Appealability on all claims.

Accordingly,

**IT IS HEREBY ORDERED** that Michael C. Jamerson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that all motions currently pending are denied as moot.

Because petitioner has not made a substantial showing that he has been denied a constitutional right,

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not

issue in this case.

A separate Judgment in accordance with this Memorandum and Order is entered herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of March, 2016.